1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

RONICA M. BROWN,

               Plaintiff,

      v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

               Defendant.

CASE NO. 3:16-cv-05291 JRC

ORDER ON PLAINTIFF'S
COMPLAINT

11
12
13
14
15
16
17
18
19
20
21
22
23
24

      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States

Magistrate Judge, Dkt. 4). This matter has been fully briefed (*see* Dkt. 9, 10, 11).

      After considering and reviewing the record, the Court concludes that the ALJ's

finding that the opinion of examining doctor, Dr. Gene McConnachie, Ph.D., is highly

influenced by plaintiff's subjective statements is a finding based on substantial evidence

1    in the record as a whole. For example, although Dr. McConnachie opined that plaintiff's

2    reliance on taking medications including benzodiazepines will interfere with plaintiff's

3    ability to focus and persist, Dr. McConnachie relies on plaintiff's report that she was

4    seeking benzodiazepines on the black market to manage her anxiety symptoms (*see* AR.

5    305, 309). In addition, although Dr. McConnachie opines that plaintiff's major difficulty

6    with vocational success will be her issues with anger and unstable interpersonal

7    relationships, Dr. McConnachie relied on plaintiff's self-report regarding her alleged

8    anger as she did not demonstrate anger during his examination, but instead, "was alert

9    and bright and responded appropriately and cheerfully throughout the interview," and

10   demonstrated a cooperative attitude and general behavior (*see* AR. 306, 309). Dr.

11   McConnachie also appears to have relied on plaintiff's self reports regarding anxiety

12   symptoms of panic attacks as he indicated that there was "no evidence of agitation in her

13   presentation" (AR. 306). Plaintiff has not challenged the ALJ's failure to credit fully

14   plaintiff's subjective statements and allegations (*see* Dkt. 9).

15        Therefore, the ALJ's finding that Dr. McConnachie's opinion was highly

16   influenced by plaintiff's subjective statements is supported by substantial evidence in the

17   record as a whole. Since the ALJ's failure to credit fully plaintiff's subjective statements

18   is not being challenged, the ALJ's findings are conclusive.  It is not the job of the court to

19   reweigh the evidence: If the evidence "is susceptible to more than one rational

20   interpretation," including one that supports the decision of the Commissioner, the

21   Commissioner's conclusion "must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954

22   (9th Cir. 2002) (citing *Morgan, supra,* 169 F.3d at 599, 601).

1    For the reasons stated, the ALJ's decision is affirmed.

2

3                              BACKGROUND

4        Plaintiff, RONICA M. BROWN, was born in 1964 and was 48 years old on the

5    alleged date of disability onset of January 13, 2012 (*see* AR. 188-94). Plaintiff completed

6    high school and one year of college (AR. 37-38).  Plaintiff has work experience as a

7    housekeeper, as an office worker, and in a deli and bakery (AR. 201-12). Plaintiff left her

8    last job at a bakery/deli clerk when her panic and anxiety became worse and she allegedly

9    was not able to leave her house (AR. 40).

10       According to the ALJ, plaintiff has at least the severe impairments of "panic

11   disorder, post-traumatic stress disorder (PTSD), polysubstance abuse (sedative, hypnotic,

12   and anxiolytic), borderline personality disorder, and obesity (20 CFR 416.920(c))" (AR.

13   15).

14       At the time of the hearing, plaintiff was living in a house with six other people

15   (AR. 37).

16                         PROCEDURAL HISTORY

17       Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant

18   to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and

19   following reconsideration (*see* AR. 80-91, 93-105). Plaintiff's requested hearing was held

20   before Administrative Law Judge Gene Duncan ("the ALJ") on September 8, 2014 (*see*

21   AR. 34-78). On October 15, 2014, the ALJ issued a written decision in which the ALJ

22

23

24

concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 10-33).

In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Whether or not the ALJ erred in rejecting the medical opinions of Gene McConnachie Ph.D.; and (2) Whether or not the ALJ's errors were harmless (*see* Dkt. 9, p. 1).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

(1)   **Whether or not the ALJ erred in rejecting the medical opinions of examining doctor, Dr. Gene McConnachie Ph.D.**

When an opinion from an examining doctor is contradicted by other medical opinions, the examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of

your impairment(s), including your symptoms, diagnosis and prognosis, what you can

still do despite impairment(s), and your physical or mental restrictions").

According to the Ninth Circuit, "[an] ALJ may reject [even] a treating physician's

opinion if it is based 'to a large extent' on a claimant self-reports that have been properly

discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)

(quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citing

*Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989))). Such situation is distinguishable from

one in which the doctor provides his own observations in support of his assessments and

opinions. *See Ryan v.Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir.

2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining

physician's opinion by questioning the credibility of the patient's complaints where the

doctor does not discredit those complaints and supports his ultimate opinion with his own

observations").

It is not the job of the court to reweigh the evidence: If the evidence "is susceptible

to more than one rational interpretation," including one that supports the decision of the

Commissioner, the Commissioner's conclusion "must be upheld." *Thomas v. Barnhart*,

278 F.3d 947, 954 (9th Cir. 2002) (citing *Morgan, supra,* 169 F.3d at 599, 601).

Dr. Gene McConnachie, Ph.D., examined plaintiff on July 13, 2013 (*see* AR. 304-

09). He reviewed plaintiff's subjective complaints and also reviewed some medical

records (*see* AR. 304-05). For example, he noted plaintiff's report that "she's had anxiety

and panic attacks since age 12, developing intense fears around at age 19 or 20" (AR.

305). Dr. McConnachie noted that plaintiff "reports seeking Xanax, Ativan, or other

benzodiazepines on the black market to manage her anxiety symptoms" (*id.*). Dr.

McConnachie discussed plaintiff's medication list, but did not suggest that plaintiff was

being prescribed Xanax, Ativan or any benzodiazepine, but noted that she was using

these substances "to self medicate her anxiety symptoms" (AR. 306).

Dr. McConnachie performed a mental status examination ("MSE") (AR. 306-08).

Regarding her general appearance, Dr. McConnachie indicated that there was "no

evidence of any agitation in her presentation, nor motor retardation" (AR. 306). He

indicated that plaintiff "was alert and bright and responded appropriately and cheerfully

throughout the interview" (*id.*). Dr. McConnachie indicated that plaintiff's "attitude and

general behavior was cooperative, appearing to want to please and may be tending to be

exaggerating some of her symptoms, although it's not clear that she was malingering"

(*id.*). He opined that plaintiff is "very personable and appears to have somewhat above

average intelligence," noting that plaintiff "was able to sustain socially appropriate

behavior for the course of the hour" (*id.*).

Regarding her mood and affect, plaintiff reported that she felt "sad because she

had to discuss all of these things" (AR. 307). Although plaintiff "was at times teary and

other times cheerful with quick changes of affect," Dr. McConnachie noted that

plaintiff's "affect did not appear congruent with her verbal report, with a tendency for her

to be dramatic, tearing up briefly when discussing her problems, then quickly coming

around to a cheery mood when the subject was changed" (*id.*). Dr. McConnachie

indicated that there "was no evidence of any delusional or psychotic behavior today (*id.*).

Dr. McConnachie noted that plaintiff's "speech was normal in rate, tone and volume and appropriately variable to the conversation" (*id.*). He opined that plaintiff "seems like an intelligent women with good verbal skills" (*id.*).

Dr. McConnachie indicated that plaintiff's memory "is not strong," but noted that she was able to recall three out of three objects immediately, one out of three objects after a delay of five minutes, and an additional object after the delay when prompted with the category (*id.*). He opined that her memory difficulty "does not appear to be impaired by general intellectual problems, but potentially anxiety issues or the three Xanax tablets she claims to have taken before the interview" (*id.*). Dr. McConnachie opined that plaintiff's ability to spell the word "world" in the forward and backward direction demonstrated "that she does have adequate concentration," but opined that "potentially her concentration would be impaired by taking three Xanax tabs this morning" (*id.*).

Dr. McConnachie noted that plaintiff "attributes her personal and social problems as due to panic attacks or agoraphobia," although he opined that they were more likely due to her personality characteristics (AR. 307-08). Dr. McConnachie noted plaintiff's report that she could concentrate well enough to read a novel (AR. 308).

Dr. McConnachie opined that plaintiff's "ability to reason and make basic judgment is intact as is short-term and long-term memory for simple instructions" (AR. 309). He indicated that although plaintiff "reports a significant difficulty [] with concentration and focus related to her fear of panic and her symptoms of depression," he noted that there "were no significant signs of problem with concentration and focus in today's interview" (*id.*). The Court notes that in this instance and a number of others

already noted, Dr. McConnachie himself discredited some of plaintiff's complaints. *See Ryan*, 528 F.3d at 1199-1200 ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations").

Dr. McConnachie noted that plaintiff reported a fear of panic attacks and a reliance on "taking medications including benzodiazepines," to deal with these, and he opined that "these will interfere with her ability to focus on more complex tasks and her ability to persist to job completion" (AR. 309). Dr. McConnachie opined that plaintiff "will need to resolve these drug abuse issues and learn to cope with anxiety symptoms before she could be successful in a job" (*id*.).

However, Dr. McConnachie noted that plaintiff "has shown the ability to adapt to a very serious adjustment problem of being homeless and breaking up with her boyfriend who was supporting her and having to support herself" (*id*.). He further noted that plaintiff "was able to survive in the homeless shelter and work cooperatively with the housing program to regain stable housing" (*id*.).

Dr. McConnachie opined that plaintiff's "major difficulty with vocational success will be her issues with anger and unstable interpersonal relationships, affecting her ability to work well with others" (*id*.). He also opined that plaintiff "will need help through proper medication and competent mental health therapy to manage anxiety symptoms of panic attacks so that she can focus on job duty" (*id*.).

The ALJ discussed the opinion of Dr. McConnachie relatively thoroughly (*see* AR. 24-25). However, the ALJ failed to credit fully his opinion (AR. 25). In doing so, the ALJ noted that although Dr. McConnachie opined that plaintiff "needed to resolve her drug abuse issues and learn to cope with anxiety symptoms before she would be successful in a job, [on] the other hand, he reported that she had shown the ability to adapt to being homeless and breaking up with her boyfriend, who was supporting her, and having to support herself" (AR. 24). The ALJ also noted plaintiff's ability to survive in the homeless shelter and work cooperatively with the housing program to regain stable housing, which the ALJ found "contradicts her claims of high anxiety" (*id*.). The ALJ indicated that the opinion of Dr. McConnachie "is given only some weight because it seems highly influenced by the claimant's subjective statements, which are not credible for many reasons" (AR. 25). The Court notes that plaintiff has not challenged the ALJ's failure to credit fully plaintiff's subjective statements and allegations (*see* Dkt. 9).

The ALJ noted that "Dr. McConnachie noted numerous inconsistencies in the claimant's reports," and noted that Dr. McConnachie "thought she was exaggerating her symptoms, and he noted that she appeared to be abusing prescription drugs, which he suspected could be causing some of her problems although there were no significant signs of problems with concentration or focus during the examination" (*id*. (citing AR. 309)). The ALJ also found that plaintiff's "allegations of symptoms and limitations were not consistent with her concurrent report of daily activities or performance on the mental status examination" (*id*.). The ALJ indicated that while Dr. McConnachie "opined that she would not currently be successful in a job based on drug abuse and anxiety issues, the

fact that she can acquire drugs on the street discredits her claims of debilitating panic attacks and agoraphobia, as does her ability to grocery shop" (*id*.).

After considering and reviewing the record, the Court concludes that the ALJ's finding that the opinion of Dr. McConnachie is highly influenced by plaintiff's subjective statements is based on substantial evidence in the record as a whole.

First, the Court notes that the "substantial evidence" standard is not very difficult for an ALJ to meet. "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (quoting *Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)). Regarding the question of whether or not substantial evidence supports the findings by the ALJ, the Court should "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallanes, supra*, 881 F.2d at 750).

The ALJ meets that standard in his written decision in multiple ways. For example, although Dr. McConnachie opined that plaintiff's reliance on taking medications including benzodiazepines will interfere with plaintiff's ability to focus and persist, Dr. McConnachie relies on plaintiff's report that she was seeking benzodiazepines on the black market to manage her anxiety symptoms (*see* AR. 305, 309). Similarly, although Dr. McConnachie opines that plaintiff's major difficulty with vocational success will be her issues with anger and unstable interpersonal relationships, Dr. McConnachie relied on plaintiff's self-report regarding both of these issues, at least

in part, as she did not demonstrate anger during his examination, but instead, "was alert and bright and responded appropriately and cheerfully throughout the interview," and demonstrated a cooperative attitude and general behavior (*see* AR. 306, 309). Similarly, contrary to his opinion that one of plaintiff's issues regarding vocational success is unstable interpersonal relationships, during his examination, he noted that she "was able to sustain socially appropriate behavior for the course of the hour" (AR. 306).

Finally, although Dr. McConnachie indicated that plaintiff's anxiety symptoms of panic attacks would hamper plaintiff's ability to work, he did not appear to observe any anxiety symptoms or a panic attack during his examination, as he indicated that there was "no evidence of agitation in her presentation, nor motor retardation" (AR. 306). Although plaintiff "was at times teary and other times cheerful with quick changes of affect," Dr. McConnachie noted that plaintiff's "affect did not appear congruent with her verbal report with a tendency for her to be dramatic, tearing up briefly when discussing her problems, then quickly coming around to a cheery mood when the subject was changed" (AR. 307).

Although Dr. McConnachie's opinion has some minimal objective support, the ALJ's finding that it was highly influenced by plaintiff's subjective statements is supported by substantial evidence in the record as a whole. It is not the job of the court to reweigh the evidence: If the evidence "is susceptible to more than one rational interpretation," including one that supports the decision of the Commissioner, the Commissioner's conclusion "must be upheld." *Thomas*, 278 F.3d at 954 (citing *Morgan, supra,* 169 F.3d at 599, 601).

(2)     **Whether or not the ALJ's errors were harmless.**

Because the Court concludes that the ALJ did not err when evaluating the medical opinion of Dr. McConnachie, this final contention need not be addressed.


CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**JUDGMENT** should be for defendant and the case should be closed.

Dated this 6th day of October, 2016.

J. Richard Creatura
United States Magistrate Judge